**Edward SPENCER, Plaintiff,**

v.

**AUDITOR OF PUBLIC ACCOUNTS, etc., Defendant.**

**Civ. A. No. 88–54.**

United States District Court, E.D. Kentucky, at Frankfort.

Jan. 27, 1989.

Thomas J. Banaszynski, Gittleman Bleidt & Barber, Louisville, Ky., for plaintiff.

Martin Glazer, Asst. Atty. Gen., Frankfort, Ky., for defendant.

## OPINION AND ORDER

BERTELSMAN, District Judge:

This matter is before the court on the motion of defendant to dismiss, or alternatively, for summary judgment.

This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 (1988) for compensatory time and overtime compensation.

### FACTS

Plaintiff is a Public Account Auditor in the County Audit Section, employed by the Auditor of Public Accounts of the Commonwealth of Kentucky. It is undisputed that plaintiff's employer is a state agency. Plaintiff is suing under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 [hereinafter FLSA]. He alleges that his employer has required him to work over forty hours per week without overtime compen-

sation and has refused to allow him compensation time.

## ISSUE

Is the Auditor of Public Accounts immune from suit under the Eleventh Amendment to the United States Constitution?

## ARGUMENTS

A. *Movant's (Defendant's) Arguments:* Defendant argues that it is immune from suit under the Eleventh Amendment of the United States Constitution. It contends that the United States Supreme Court's decision in *Employees of the Department of Public Health and Welfare of Missouri v. Department of Public Health and Welfare of Missouri,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) is dispositive of the issue of the states' immunity to suit under the Fair Labor Standards Act because the Court in that case ruled that the Eleventh Amendment protected the states from suit under the FLSA. Defendant argues that the Supreme Court's holding in *Employees* has not been overruled by its subsequent decision in *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), and has not been altered by congressional amendments to the Fair Labor Standards Act.

B. *Plaintiff's Arguments:* Plaintiff argues that the Supreme Court's holding in *Garcia* made the FLSA fully applicable to all categories of state employees, and permitted a state employee to sue his employer in federal court. He also argues that even if *Garcia* did not directly overrule *Employees,* the 1974 amendments to the FLSA indicate Congress' intent to allow states to be sued by their employees under the FLSA.

## CONCLUSION

The Auditor of Public Accounts is not immune from suit under the Eleventh Amendment. Therefore, the court must deny defendant's motion for summary judgment.

## ANALYSIS

The Fair Labor Standards Act, codified as amended at 29 U.S.C. §§ 201–219 (1988), was enacted in 1938 and required employers covered by the Act to pay their employees a minimum hourly wage and overtime pay. 52 Stat. 1060, 1062, 1063. Originally, the states and their political subdivisions were expressly excluded from the coverage of the Act. §§ 3(d), 13(a)(9), 52 Stat. 1060, 29 U.S.C. §§ 203(d), 213(a)(9) (1940). The Supreme Court upheld the constitutionality of the FLSA in *United States v. Darby,* 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941).

In 1966, Congress amended the FLSA, and extended its coverage to employees of state schools, hospitals, nursing homes, and institutions. Fair Labor Standards Amendments of 1966, §§ 102(a) and (b), 80 Stat. 831, 832, 29 U.S.C. §§ 203(d) and 203(s)(4) (Supp. II 1984). In *Maryland v. Wirtz,* 392 U.S. 183, 188, 88 S.Ct. 2017, 2019, 20 L.Ed. 2d 1020 (1968), the Supreme Court ruled that the 1966 amendments were not unconstitutional, holding that the extension of the FLSA to public employees was within Congress' power under the Commerce Clause.

In 1973, the Supreme Court ruled that although FLSA coverage had been extended to some state employees under the 1966 amendments, the state itself was nonetheless immune from suit from its employees under the FLSA because the Eleventh Amendment precluded such suits. *Employees of the Dep't of Pub. Health and Welfare of Mo. v. Department of Pub. Health and Welfare of Mo.,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). In *Employees,* workers at a state health facility covered by the 1966 FLSA amendments brought suit for overtime pay which they alleged was due them under § 16(b) of the FLSA, and for liquidated damages and attorney's fees. *Id.* at 281, 93 S.Ct. at 1616. The district court dismissed the action on the grounds that the state of Missouri did not consent to the suit, and the action was thus barred by the Eleventh Amendment. *Id.* The Eighth Circuit Court of Appeals affirmed the judgment. *Id.* The Supreme

Court held that Congress had not clearly indicated that, by amending the FLSA, it intended to abrogate the states' Eleventh Amendment immunity. *Id.* at 285, 93 S.Ct. at 1618. It stated:

"[W]e have found not a word in the history of the 1966 amendments to indicate a purpose of Congress to make it possible for a citizen of that State or another State to sue the State in the federal courts.... It would also be surprising in the present case to infer that Congress deprived Missouri of her constitutional immunity without changing the old § 16(b) under which she could not be sued or indicating in some way by clear language that the constitutional immunity was swept away."

*Id.*

The Court held that while state employees were entitled to FLSA protection, they could not sue the state under the FLSA. *Id.* State employees were not left without a remedy, the Court stated, because the FLSA empowered the Secretary of Labor to bring suit for unpaid minimum wages or unpaid overtime compensation, and to seek to enjoin violations of the Act. *Id.* at 285–86, 93 S.Ct. at 1618–19. This was the employees' sole remedy, according to the Court. *Id.* The Court noted, "[W]e are reluctant to believe that Congress in pursuit of a harmonious federalism desired to treat the States so harshly. The policy of the Act so far as the States are concerned is wholly served by allowing the delicate federal-state relationship to be managed through the Secretary of Labor." *Id.* at 286, 93 S.Ct. at 1619. In *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985), the Court stated that its holding in *Employees* required that "Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."

In 1974, Congress broadened the FLSA even further by extending the minimum wage and maximum hour provisions of the Act to almost all public workers employed by the states and their political subdivisions. Fair Labor Standards Amendments of 1974, §§ 6(a)(1) and (6), 88 Stat. 58, 60, 29 U.S.C. §§ 203(d) and (x) (1974). *See also Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 532, 105 S.Ct. 1005, 1008, 83 L.Ed.2d 1016 (1985); *National League of Cities v. Usery,* 426 U.S. 833, 838, 96 S.Ct. 2465, 2468, 49 L.Ed.2d 245 (1976). The second sentence of § 16(b) was amended to read: "Action to recover such liability may be maintained against any employer (*including a public agency*) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (emphasis added).

In *National League of Cities v. Usery,* 426 U.S. 833, 852, 96 S.Ct. 2465, 2474, 49 L.Ed.2d 245 (1976), the Supreme Court ruled that Congress was without authority under the Commerce Clause to enforce the minimum-wage and overtime provisions of the FLSA against the states in "areas of traditional governmental functions." The Court stated:

"Our examination of the effect of the 1974 amendments, as sought to be extended to the States and their political subdivisions, satisfies us that both the minimum wage and the maximum hour provisions will impermissibly interfere with the integral governmental functions of those bodies.... [A]pplication [of the 1974 amendments] will nonetheless significantly alter or displace the States' abilities to structure employer-employee relationships in such areas as fire prevention, police protection, sanitation, public health, and parks and recreation. These activities are typical of those performed by state and local governments in discharging their dual functions of administering the public law and furnishing public services.... If Congress may withdraw from the States the authority to make those fundamental employment decisions upon which their systems for performance of these functions must rest, we think there would be little left of the States' 'separate and independent existence.'"

426 U.S. at 851, 96 S.Ct. at 2474 (quoting *Coyle v. Oklahoma*, 221 U.S. 559, 580, 31 S.Ct. 688, 695, 55 L.Ed. 853 (1911)). The Court in *National League of Cities* overruled *Wirtz*, and held that both the 1966 and the 1974 amendments were unconstitutional to the extent that they interfered with the integral or traditional governmental functions of states and their political subdivisions. 426 U.S. at 855, 96 S.Ct. at 2476.

In 1985, the Supreme Court overruled *National League of Cities* in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). The Court eliminated the governmental function test of *National League of Cities* and stated, "We ... now reject, as unsound in principle and unworkable in practice, a rule of state immunity from federal regulation that turns on a judicial appraisal of whether a particular governmental function is 'integral' or traditional." 469 U.S. at 546–47, 105 S.Ct. at 1015. It also noted, "The fact that some federal statutes such as the FLSA extend general obligations to the States cannot obscure the extent to which the political position of the States in the federal system has served to minimize the burdens that the States bear under the Commerce Clause." *Id.* at 553–54, 105 S.Ct. at 1019. The result of the Court's holding in *Garcia* was to bring "all employees of the states and their political subdivisions within the full coverage of the FLSA." *Ackinclose v. Palm Beach Co., Fla.*, 845 F.2d 931, 932–33 (11th Cir.1988).

Following the Supreme Court's holding in *Garcia*, Congress again amended the FLSA to alleviate the financial burden on state and local governments who were required under *Garcia* to comply with the FLSA. Fair Labor Standards Amendments of 1985, Pub.L. No. 99–150, 99 Stat. 787 (1985). The amendments allowed the states one year from the date of the opinion in *Garcia*, until April 15, 1986, to conform their overtime and compensation procedures to the FLSA. § 2(c)(1), 99 Stat. 787 (1985). The amendments also permitted governmental entities to award com-

pensatory time instead of cash payments for overtime. 29 U.S.C. §§ 207(o) and (p).

In this case, plaintiff argues that *Garcia* not only overruled *National League of Cities*, but also impliedly reversed the decision in *Employees* that states were immune from suit under the FLSA. This argument is incorrect. *National League of Cities'* holding that Congress must explicitly express an intention to abrogate a state's Eleventh Amendment immunity has not been overruled either by *Garcia* or by any other case. The Supreme Court, as recently as 1987, cited *National League of Cities* for that proposition. *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 2947, 97 L.Ed.2d 389 (1987). In *Welch*, the Court stated that it had "consistently ... required an unequivocal expression that Congress intended to override Eleventh Amendment immunity." *Id.*, 107 S.Ct. at 2948. The Court in *Welch*, however, ruled on the issue of a state's immunity from suit under the Jones Act rather than the FLSA. *Id.* at 2946.

Plaintiff also argues that the 1974 and 1985 amendments to the FLSA are clear expressions of Congress' intention to override the states' Eleventh Amendment immunity under the FLSA. This argument is more persuasive. In *Employees*, the Court stated that "[i]t would ... be surprising in the present case to infer that Congress deprived Missouri of her constitutional immunity without changing the old § 16(b) under which she could not be sued or indicating in some way by clear language that the constitutional immunity was swept away." 411 U.S. at 285, 93 S.Ct. at 1618.

In 1974, Congress did just that, amending § 16(b) to read: "Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Public agency" was defined as "the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States

Postal Service and Postal Rate Commission), a State, or a political subdivision of a State; or any interstate governmental agency." 29 U.S.C. § 203(x).

The provisions of the 1974 amendments make clear congressional intent to permit state employees to sue their employers under the FLSA. The language which the Supreme Court found lacking in the old § 16(b) is present in the 1974 amendment to that section, allowing suits against public agencies. Congress' intent to deprive the states of their constitutional immunity is explicit in the 1974 amendments, and thus, the states' Eleventh Amendment protection is eliminated under the FLSA.

In addition, in 1985, Congress further amended the FLSA to allow the states time to bring their agencies' procedures in compliance with the FLSA. Fair Labor Standards Amendments of 1985, § 2(c)(1), 99 Stat. 787 (1985). The legislative history of the amendments states that *Garcia* made the FLSA "fully applicable to state and local governments." S.Rep. 99–159 at 7–8, 99th Cong. 1st Sess. 2, *reprinted in* 1985 U.S. Code Cong. and Admin.News 651, 654. The Senate Report also states, "The rights and protections accorded to employees of the Federal government and the private sector also are extended to employees of states and their political subdivisions." *Id.* at 655.

Defendant argues that Congress has no constitutional authority to unilaterally erase the prohibitions of the Eleventh Amendment by legislation. The Supreme Court has rejected similar arguments in other cases. *See, e.g., Welch v. Texas Dep't of Highways and Pub. Transp.,* 483 U.S. 468, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987). In *Welch,* the Court noted that it had recognized several exceptions to the states' immunity from suit under the Eleventh Amendment. *Id.,* 107 S.Ct. at 2945. For example, the Eleventh Amendment does not preclude an action when the state waives its immunity and consents to suit in federal court. *Id.; Atascadero,* 473 U.S. at 238, 105 S.Ct. at 3145; *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Clark v. Barnard,* 108 U.S. 436,

447, 2 S.Ct. 878, 883, 27 L.Ed. 780 (1883). In addition, the Eleventh Amendment is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). "Congress can abrogate the Eleventh Amendment without the States' consent when it acts pursuant to its power to 'enforce, by appropriate legislation the substantive provisions of the Fourteenth Amendment.'" *Welch,* 107 S.Ct. at 2946 (quoting *Fitzpatrick,* 427 U.S. at 456, 96 S.Ct. at 2671).

The Court in *Welch* also held that Congress' power to subject unconsenting states to suit in federal court is not limited to § 5 of the Fourteenth Amendment. *Welch,* 107 S.Ct. at 2946. *See also County of Oneida, N.Y. v. Oneida Indian Nation of New York State,* 470 U.S. 226, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985). Congress may constitutionally abrogate the states' sovereign immunity on other grounds, but must do so "in unmistakable language in the statute itself." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 243, 105 S.Ct. 3142, 3148, 87 L.Ed.2d 171 (1985). In *Atascadero,* the Court stated, "A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment." *Id.* at 246, 105 S.Ct. at 3149.

The Court held in *Atascadero* that § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–796 (1984), which provides remedies for "any recipient of Federal assistance," does not contain the unmistakable language necessary to negate the states' sovereign immunity. 473 U.S. at 246, 105 S.Ct. at 3149. Similarly, in *Welch,* the Court found that the language of the Jones Act, 46 U.S.C.App. § 688 (1986), that its provisions extend to "any seaman who shall suffer personal injury in the course of his employment" was not an unequivocal denial of the states' Eleventh Amendment immunity. 107 S.Ct. at 2947.

In 1974, when *Employees* was decided, the language of the FLSA contained a general authorization for suit in federal court

similar to those in the Jones Act and the Rehabilitation Act. Section 16(b) stated:

"Any employer who violates the provisions of section 6 or section 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction...."

29 U.S.C. § 216(b) (1974); *Employees*, 411 U.S. at 279, 93 S.Ct. at 1615. The language of § 16(b) remained the same both before and after the 1966 amendments to the FLSA. *Employees*, 411 U.S. at 279, 93 S.Ct. at 1615. Thus, the Court reasoned in *Employees*, the language of the statute was not unmistakable enough to find congressional intent to eliminate the states' sovereign immunity. *Id.* at 285–87, 93 S.Ct. at 1618–19.

Congress changed the language of § 16 in its 1974 amendments to the FLSA to specifically permit suits by state employees against public agencies, including state governments. 29 U.S.C. §§ 216(b) and 203(x). Its language could not be more unequivocal:

"Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

29 U.S.C. § 216(b).

The amended language of § 16(b) was not a general authorization for suit in federal court, as it had been previously, but a specific sanction of employees' suits against the states. The test of *Atascadero*, that the unmistakable language of the statute itself contain the abrogation of the states' Eleventh Amendment immunity, was met with the language of the 1974 amendment. In addition, the legislative history of the 1985 amendments indicates that Congress believed and intended that the full scope of the FLSA, including the right to sue the state, would be applied to state employees. 1974 U.S.Code Cong. and Admin.News, Vol. 2, 93d Cong.2d Sess. 2811, 2850, 2853; *Ackinclose*, 845 F.2d at 937; *Dunlop v. New Jersey*, 522 F.2d 504, 515 n. 20 (3rd Cir.1975). Therefore, the specific holding of *Employees*, that the FLSA does not permit suits by public employee, has been abrogated by the 1974 and 1985 amendments to the FLSA.

In *Ackinclose v. Palm Beach Co., Fla.*, 845 F.2d 931 (11th Cir.1988), the Eleventh Circuit recognized the right of public employees to sue their employer under the FLSA. The court stated, "After *Garcia* was decided, it was absolutely clear that the [state agency's] employees were covered by all provisions of the FLSA, regardless of whether they worked in areas of traditional governmental function." *Id.* at 933. The court held that the 1985 amendment allowing a grace period of one year for the states to fully comply with the FLSA "was not intended to limit the ability of state and local government employees working outside areas of traditional governmental function to bring suit to enforce the minimum wage/overtime compensation protections afforded them by the FLSA." *Id.* at 937. While the court did not rule specifically on the issue of the public agency's Eleventh Amendment immunity, its holding that the employees could sue their state employer assumed that sovereign immunity was not applicable.

In *Dunlop v. State of New Jersey*, 522 F.2d 504, 513 (3d Cir.1975), the Third Circuit Court of Appeals held that the Eleventh Amendment did not bar an award of retroactive damages against a state under the FLSA. In *Dunlop*, the Secretary of Labor filed suit against the state of New Jersey and several state hospitals to enjoin violations of the overtime provisions of the FLSA. *Id.* at 507. The district court ruled that the state had violated the FLSA, enjoined further violations, and awarded retroactive payments of overtime compensation to state employees. *Id.* The Court of Appeals, after considering the Supreme Court's rulings on the Eleventh Amendment in *Employees* and *Edelman v. Jor-*

*dan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), upheld the district court's award of damages. It stated, "Suits by the Secretary of Labor against the States under the FLSA seeking monetary damages on behalf of state employees are a legally proper method of ensuring the effectiveness of a constitutional exercise of Congressional power pursuant to the Commerce Clause." *Id.* at 517. It also noted that "[t]he legislative history of the 1974 amendments to the FLSA makes clear the fact that the amendment to this section was expressly designed to overcome the ruling in *Employees, supra.*" *Id.* at 515 n. 20.

Citing *Dunlop,* the federal district court for the district of Delaware in 1976 held that the 1974 amendments to the FLSA expressly abrogated the holding of *Employees* that state workers could not sue their employers under the FLSA, and that the 1974 amendments were constitutional under the Eleventh Amendment. *Carey v. White,* 407 F.Supp. 121 (D.Del.1976). In *Carey,* patients at a state institution for the mentally ill brought suit against the state under the FLSA, and the state asserted an Eleventh Amendment defense. *Id.* at 122. The court found that the 1974 amendments to the FLSA overruled the Supreme Court's holding in *Employees.* It held that "the 1974 amendments to the FLSA, insofar as they authorize state employees to sue their employer for monetary damages in federal courts, do not violate the Eleventh Amendment." *Id.* at 122–23.

In this case, defendant concedes that it is a public agency and that plaintiff is its employee. Under the express terms of the FLSA, as amended in 1974 and 1985, the states are amenable to suit, regardless of their previous Eleventh Amendment immunity under *Employees.* Because of the grace period of the 1985 amendments, however, the state may be sued for denial of overtime pay and compensatory time covering only the time period after April 15, 1986. *See Ackinclose,* 845 F.2d at 937. It may be amenable to suit for violations of the FLSA prior to that time only if plaintiff can show that the work he performed during the period at issue did not fall within an area of traditional governmental function under the *National League of Cities* test. *Ackinclose,* 845 F.2d at 937. Thus, plaintiff's claim against the state in this case is not barred by the Eleventh Amendment. Defendant's motion for dismissal or summary judgment based on Eleventh Amendment immunity is, therefore, denied.

Therefore, for the above stated reasons, the court being advised,

IT IS ORDERED:

That the motion of defendant to dismiss or for summary judgment, be, and it is, hereby DENIED.